IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARIF MOZAAR MUSTAFA EL BEY<br>a/k/a Alton Cannon, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civ. Action No. 09-880-GMS |
| STATE OF DELAWARE, et al., | )<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM**

### **I. INTRODUCTION**

The plaintiff, Sharif Mozaar Mustafa El Bey, also known as Alton Cannon ("Cannon"),

filed a petition to remove this case from the Superior Court of the State of Delaware ("Superior

Court") on November 19, 2009.[1]  (D.I. 1.)  He appears *pro se* and has been granted leave to

proceed *in forma pauperis*.  For the reasons discussed below, the court construes the notice of

removal as a complaint, and proceeds to review and screen the complaint pursuant to 28 U.S.C. §

1915.

### **II. FACTUAL AND PROCEDURAL BACKGROUND**

Cannon filed a notice of removal pursuant to 28 U.S.C. §§ 1441 through 1446 with a

pleading titled "Petitioner's Class Action Complaint" and reference to a counterclaim.  (D.I. 2.)

The notice of removal provides a Delaware case number of C.A. No. 9709010268, but does not

include any process, pleadings or other orders from the underlying state action.  State records

indicate the case has been fully litigate and is closed.

---

[1]The court refers to the plaintiff as Cannon inasmuch as he signed the notice of removal
as Alton Cannon.  (D.I. 2 at 22.)

In 1998, Cannon pled guilty to charges of assault in the second degree and unlawful sexual contact in the first degree. *In re Cannon*, No. 563, 2009, 2009 WL 3367066, at *1 (Del. 2009). The court takes judicial notice that Delaware Case No. 9709010268, the case Cannon seeks to remove, is a motion for postconviction relief filed by Cannon. *See State v. Cannon*, No. 9709010268, 2000 WL 1610746 (Del. Super. Ct. Oct. 24, 2000). The motion was summarily dismissed. Cannon appealed and the appeal was dismissed on July 14, 2003, for Cannon's failure to respond to a notice to show cause. *Cannon v. State*, 846 A.2d 237, 2003 WL 21673737 (Del. 2003) (table decision). In 2002 and 2003, Cannon was found in violation of probation. *In re Cannon*, No. 563,2009, 2009 WL 3367066, at *1 (Del. 2009). Between 2001 and 2003, Cannon filed numerous other applications for relief, including motions for reduction or modification of sentence and petitions for a writ of habeas corpus, all of which were denied. *Id.* Cannon was discharged from probation in December 2006, and his case was closed. *Id.* Next, in 2009, Cannon filed a document entitled "Writ of Right," wherein he sought to "to be discharged" from any future consequences of his 1998 convictions, said writ characterized as mandamus relief to compel the expungement of the convictions. *Id.* On October 6, 2009, the Delaware Supreme Court held that Cannon had not stated a cognizable claim to invoke the its original jurisdiction to issue a writ of mandamus or for any other extraordinary writ within its limited jurisdiction. *Id.*

Cannon names as the defendants the State of Delaware ("the State"), Governor Jack Markell ("Governor Markell"), Judge Richard R.Cooch ("Judge Cooch"), James V. Apostolico ("Apostolico"), David J. J. Facciolo ("Facciolo"), U.S. Representative Michael N. Castle ("Castle"), Attorney General Joseph R. Biden, III ("Biden"), U.S. Attorney David C. Weiss

("Weiss"), Secretary of State Jeffrey W. Bullock ("Bullock"), the Superior Court of New Castle County, Delaware ("Superior Court"), the Chief of City of Wilmington Police Department ("Chief of Police"), the Superintendent of the Delaware State Police ("Superintendent"), and Delaware Supreme Court Justices ("Supreme Court"). Cannon's complaint contains three counts all related to his underlying criminal conviction, as follows: Count I, conspiracy against rights; Count II, deprivation of rights under color of law; Count III, deliberate indifference. He specifically attacks the constitutionality of Delaware criminal statutes, 11 Del. C. §§ 612, 769, and 4120, the statutes under which he was charged. Attached to the "complaint" is a newspaper article dated November 12, 2009, discussing a recent Delaware Supreme Court ruling which held that an unconditional pardon restores all civil rights to a convicted sex offender, including removal from the Sex Offenders Registry. (D.I. 2, ex.; see *Heath v. State*, No 550, 2008, – A.2d–, 2009 WL 3655356, at *3 (Del. 2009). Cannon seeks a declaratory judgment that 11 Del. C. §§ 612, 769, and 4120 are unconstitutional, as well as a temporary injunction and equitable relief.

Because the state court proceedings had concluded at the time Cannon filed his pleading, removal is not appropriate. *See* 28 U.S.C. § 1441(a) (for removal, the state court action must be pending); § 1446(a) (same); *see also City of Newark v. Lawson*, No. 09-2081, 2009 WL 3059053 (3d Cir. Sept. 24, 2009). Accordingly, the court construes the pleading as a complaint alleging violations of Cannon's civil rights and attacking the constitutionality of Delaware statutes 11 Del. C. §§ 612, 769, and 4120.

3

## III. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Cannon proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke v. Williams*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Cannon leave to

4

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3rd Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Cannon has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege Cannon's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.*

"To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, –U.S.–, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting

5

Fed. R. Civ. P. 8(a)(2)).

## IV. DISCUSSION

### A. Civil Rights Claims

To the extent Cannon alleges civil rights claims pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 389 (1971), the claims are time-barred.[2] Count I, Conspiracy Against Rights, alleges that the defendants created 11 Del. § 760, 612, and 4120 on an unknown date and that they ordered Cannon "to be arrested, charged, and supposedly indicted for allegedly committing the offenses." Cannon alleges that Delaware statutes 11 Del. C. § 769, unlawful sexual contact in the first degree; 11 Del. C. § 612, assault in the second degree; and 11 Del. C. § 4120, registration of sex offenders, are "vague, discriminatory, equivocal, conclusionary [sic], improper, and ambiguous against the public/ private natural beings in the community" and that defendants are in violation of 28 U.S.C. § 2381[3] and federal criminal statutes 18 U.S.C. §§ 35, 241, 242, and 1001.[4] Individual citizens,

---

[2]Cannon names state and federal defendants. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). A claim against a federal defendant is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 389 (1971). In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers. To state a claim under *Bivens*, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney v. National Org. for Women,* 681 F. Supp. 129, 132 (D. Conn.1987) (citing *Flag Brothers, Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978)).

[3]There is no such statute.

[4]18 U.S.C. § 35, imparting or conveying false information; 18 U.S.C. § 241, conspiracy against rights; 18 U.S.C. § 242, deprivation or rights under color of law; and 18 U.S.C. 1001, statements or entries generally.

however, do not have a constitutional right to the prosecution of alleged criminals. *Capogrosso v. The Supreme Court of New Jersey*, –F.3d– , 2009 WL 4110372, at \*2 (3d Cir. 2009) (citing *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988)).

Cannon alleges the "fraudulent" statutes deprived him of liberty and violated his right to due process and equal protection under the First, Fifth, Sixth, Seventh, Ninth, Tenth, and Eleventh Amendments to the United State Constitution "amounting to cruel and unusual punishment in violation of the Eighth Amendment." Cannon alleges the defendants knew the enactment of the statutes would cause substantial risk of suffering, harm, pain, humiliation, degradation, intentional infliction of emotional distress, mental anguish, and that hardship would endure, as a result of enacting the statutes. Cannon alleges the defendants conspired by a meeting of the minds to contract away his "fundamental substantive vested perfect, absolute, inherent and inalienable natural rights."

Count II contains basically the same allegations as Count I with the exception of the additional allegation that the defendants were acting under color of law and authority when they enacted the statutes in question. Count III, like Count II, contains basically the same allegations as Count I and adds that the defendants were deliberately indifferent to Cannon's "fundamental substantive vested perfect, absolute inherent inalienable human rights."

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury that forms the basis of his or her cause of action." *Id.* Claims not filed within

7

the two-year statute of limitations period are time-barred and must be dismissed. *See Mattis v. Dohman,* 260 F. App'x 458 n.3 (3d Cir. 2008) (not published). Like civil rights claims brought pursuant to 42 U.S.C. § 1983, the statute of limitations for *Bivens* claims is taken from the forum state's personal injury statute. *Kost v. Kozakiewicz,* 1 F.3d 176, 190 (3d Cir. 1993); *see also Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers*, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988) (noting that the same statute of limitations applies to both *Bivens* and § 1983 claims).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Smith v. Delaware County Court*, 260 F. App'x 454 (3d Cir. 2008) (not published); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. 2006) (not published) (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

In 1998 Cannon pled guilty to charges of assault second degree and unlawful sexual contact first degree. He was sentenced, served his term of imprisonment, and in 2006 discharged from probation, and his case was closed. All of the statutes which Cannon contends violate his constitutional rights were enacted prior to 1998, the year Cannon was charged with their violation. For example, Section 769 was codified in 1953, followed by amendments in 1972, 1977, 1986, 1988, 1989, 1995, 2003, 2006, 2008, and 2009; Section 612 was also

8

codified in 1953, followed by amendments in 1972, 1981, 1982, 1989, 1991, 1993, 1994, 1995, 1998, 1999, 2001, 2004, 2008; and 2009; and Section 4120 was enacted in 1994, followed by amendments in 1994, 1995, 1996, 1997, 1999; 2001, 2002, 2007, 2008, and 2009. Hence, as of the date Cannon pled guilty, he knew or had reason to know of any alleged constitutional infirmity. Similarly, his allegations that the defendants violated his constitutional rights by claiming that the statutes in question were lawful and that his sentence and plea bargain were legal, also accrued at least by the time that he entered his guilty plea.

Cannon filed this lawsuit on November 19, 2009. He pled guilty in 1998, some ten years prior to the filing of this lawsuit. Moreover, his case was closed in 2006. By the time he filed this lawsuit in 2009, the two year period within which to bring any potential § 1983 or *Bivens* claims had expired. For the above reasons, the court will dismiss Cannon's § 1983 and *Bivens* claims.[5]

With regard to the 2009 writ denied by the Delaware Supreme Court, Cannon alleges that the court lacked original jurisdiction, failed to answer Cannon's "Class Action - Notice of Want of Jurisdiction," and that its October 20, 209 decision/opinion is null and unenforceable for want of jurisdiction. (D.I. 2, at 3.) In reading his allegations, the court is unable to discern a viable cause of action against the Delaware Supreme Court justices. Indeed, it is evident from the allegations that Cannon simply is not pleased with the Delaware Supreme Court's ruling against him. Accordingly, the court finds the claim against the Delaware Supreme Court justices is

---

[5]Dismissal is also appropriate as Cannon's claims appear to be barred by the *Rooker-Feldman* doctrine and/or *res judicata;* the complaint does not allege the requisite personal involvement for § 1983 and *Bivens* claims; some of the defendants are immune from suit by reason of Eleventh Amendment, judicial, or prosecutorial immunity; and other defendants are not state or federal actors.

9

codified in 1953, followed by amendments in 1972, 1981, 1982, 1989, 1991, 1993, 1994, 1995, 1998, 1999, 2001, 2004, 2008; and 2009; and Section 4120 was enacted in 1994, followed by amendments in 1994, 1995, 1996, 1997, 1999; 2001, 2002, 2007, 2008, and 2009. Hence, as of the date Cannon pled guilty, he knew or had reason to know of any alleged constitutional infirmity. Similarly, his allegations that the defendants violated his constitutional rights by claiming that the statutes in question were lawful and that his sentence and plea bargain were legal, also accrued at least by the time that he entered his guilty plea.

Cannon filed this lawsuit on November 19, 2009. His pled guilty plea in 1998, some ten years prior to the filing of this lawsuit. Moreover, his case was closed in 2006. By the time he filed this lawsuit in 2009, the two year period within which to bring any potential § 1983 or *Bivens* claims had expired. For the above reasons, the court will dismiss Cannon's § 1983 and *Bivens* claims.[5]

With regard to the 2009 writ denied by the Delaware Supreme Court, Cannon alleges that the court lacked original jurisdiction, failed to answer Cannon's "Class Action - Notice of Want of Jurisdiction," and that its October 20, 209 decision/opinion is null and unenforceable for want of jurisdiction. (D.I. 2, at 3.) In reading his allegations, the court is unable to discern a viable cause of action against the Delaware Supreme Court justices. Indeed, it is evident from the allegations that Cannon simply is not pleased with the Delaware Supreme Court's ruling against him. Accordingly, the court finds the claim against the Delaware Supreme Court justices is

---

[5]Dismissal is also appropriate as Cannon's claims appear to be barred by the *Rooker-Feldman* doctrine and/or *res judicata;* the complaint does not allege the requisite personal involvement for § 1983 and *Bivens* claims; some of the defendants are immune from suit by reason of Eleventh Amendment, judicial, or prosecutorial immunity; and other defendants are not state or federal actors.

frivolous and it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[6]

### B. Constitutional Attack on Delaware Statutes

Cannon also challenges the constitutionality of 11 Del. C. §§ 612, 769, and 4120.
Section 612 sets forth the criminal violation of assault in the second degree; § 769 sets forth the
criminal violation of unlawful sexual contact in the first degree; and § 4120 provides for the
registration of sex offenders. Cannon, in a conclusionary fashion, alleges that the statutes are
"vague, discriminatory, equivocal, conclusionary [sic], improper, and ambiguous against the
public/ private natural beings in the community." This allegation, standing alone, is inadequate
to justify relief. Without well-pleaded factual allegations, these contentions are nothing more
than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
statements, [which as a legal matter] do not suffice." *Iqbal, supra* 127 S.Ct. at 1979. For these
reasons, the court will dismiss the claim attacking the constitutionality of the above-named
Delaware statutes. However, since it appears plausible that Cannon may be able to articulate a
claim against a defendant or defendants, he will be given an opportunity to amend his pleading as
to this claim. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published)
(leave to amend is proper where the plaintiff's claims do not appear "patently meritless and
beyond all hope of redemption")

### V. CONCLUSION

For the above reasons the court will vacate the notice of removal and will dismiss as
frivolous the § 1983 and *Bivens* claims raised against all defendants pursuant to 28 U.S.C. §

---

[6]Dismissal may also proper as barred by the *Rooker-Feldman* doctrine and/or *res
judicata*, or because the Delaware Supreme Court justices are immune from suit.

1915(e)(2)(B)(i). The court will also dismiss the claim attacking the constitutionality of

Delaware statutes for failure to state a claim upon which relief may be granted pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii). Cannon will be given leave to amend the complaint only as to the

claim attacking the constitutionality of the Delaware statutes.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2009
Wilmington, Delaware

11

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARIF MOZAAR MUSTAFA EL BEY a/k/a Alton Cannon, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civ. Action No. 09-880-GMS ) |
| STATE OF DELAWARE, et al., | ) ) |
| Defendants. | ) |

## ORDER

At Wilmington this _14_ day of December, 2009, for the reasons set forth in the

Memorandum issued this date;

1. The notice of removal is **vacated**.

2. All 42 U.S.C. § 1983 and *Bivens* claims are dismissed with prejudice as frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. The claims attacking the constitutionality of Delaware statutes is **dismissed** for failure

to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The

plaintiff is given leave to amend this claim.  The amended complaint shall be filed within **thirty**

**(30) days** from the date of this order.  If an amended complaint is not filed within the time

allowed, then the case will be closed.

_____
CHIEF, UNITED STATES DISTRICT JUDGE