```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE


SHARIF MOZAAR MUSTAFA EL BEY  :  CIVIL ACTION
a/k/a ALTON CANNON,           :
                              :
          v.                  :  No. 09-CV-880
                              :
STATE OF DELAWARE, et al.,    :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                             January 20, **2010**

Plaintiff Sharif Mozaar Mustafa El Bey ("Plaintiff"), who proceeds pro se, filed this lawsuit alleging violations of his constitutional rights and attacking the constitutionality of certain ordinances, regulations, and statutes. On December 18, 2009, the court screened the complaint and dismissed it without prejudice with leave to amend only as to the claim attacking the constitutionality of certain Delaware statutes. (D.I. 5.) On the same date, Plaintiff filed an amended complaint, adding new claims and defendants. (D.I. 7.) It appears the court's Order and the amended complaint crossed in the mail. Accordingly, the court will screen the claims added in the amended complaint. Because Plaintiff proceeds in forma pauperis and some of his allegations are barred by judicial immunity, the court will dismiss the amended complaint, and give Plaintiff leave to amend.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

The amended complaint alleges that the City of Wilmington and Defendant State of Delaware created and enforce unlawfully enacted consumption of alcohol statutes for streets and parks in the State of Delaware. (D.I. 7, ¶ 1.) The ordinance is found at Article III of Wilmington City Code § 36-66 and the regulation is found at DNREC Parks regulation Title 07, § 23.6.3. (D.I. 7, ¶ 2.) It is also alleged that the Delaware Legislature created and enacted an employment discrimination statute that Plaintiff challenges "for discrimination based on [his] using the Discrimination in Employment Act to enforce criminal conviction discrimination at Delaware Courts." (D.I. 7, ¶ 3.) Plaintiff challenges the ordinances, regulations, and statutes for "discrimination, vagueness, equivocality, ambiguity, constructionality, intent, purpose and reason and unconstitutionality." (D.I. 7, ¶ 4.)

Plaintiff alleges that James M. Baker ("Baker"), the mayor of Wilmington, Delaware, U.S. Chief District Judge Gregory M. Sleet ("Chief Judge Sleet"), and Delaware Superior Court Judge Calvin L. Scott ("Judge Scott") enforced some or all of the unconstitutional statutes. More particularly, Plaintiff alleges that Judge Scott enforced the DEA statute in Delaware Superior Court Case No. 08C-03-099 and that Chief Judge Sleet enforced the DEA statute in a case filed in this court, Civ. No. 09-053-GMS Finally, Plaintiff challenges the constitutionality of Wilmington

City ordinance § 36-66 and DNREC Parks regulation Title 07, § 23.6.3.l.

## DISCUSSION

### *I. LEGAL STANDARD*

This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.  Neitzke v. Williams, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, -U.S.- , 129 S.Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." Id. at 211; see also Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. A claim is facially

plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)).

## II. *Judicial Immunity*

Chief Judge Sleet and Judge Scott are named as defendants. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability

only when he has acted 'in the clear absence of all jurisdiction.'". Id. (citations omitted).

It is clear from Plaintiff's sparse allegations that Chief Judge Sleet and Judge Scott are named as defendants based upon their judicial rulings. They are entitled to judicial immunity and, therefore, will be dismissed from the case.

### III. *Pleading Deficiencies*

Plaintiff challenges the constitutionality of ordinances, regulations and statutes. As in his original complaint, the allegations are inadequate to justify relief. Without well-pleaded factual allegations, Plaintiff's contentions are nothing more than "[t]hreadbare recitals" of an attempt to allege the elements of a cause of action. The conclusory statements do not suffice to state a claim. However, since it is plausible that Plaintiff may be able to articulate a claim against a defendant or defendants, he will be given an opportunity to amend his pleading as to the constitutional attacks upon the ordinances, regulations, and Delaware statutes. See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### **CONCLUSION**

The court will dismiss all claims against Chief Judge Sleet and Judge Scott, and all claims as alleged in the amended

complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff will be given leave to amend the complaint only as to the claims attacking the constitutionality of the ordinances, regulations, and Delaware statutes.

    An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SHARIF MOZAAR MUSTAFA EL BEY       :   CIVIL ACTION
a/k/a ALTON CANNON,                :
                                   :
              v.                   :   No. 09-CV-880
                                   :
STATE OF DELAWARE, et al.,         :

<u>**ORDER**</u>

**AND NOW**, this  20th  day of   January   , 2010, for the reasons set forth in the preceding Memorandum and Order, **IT IS HEREBY ORDERED** that:

   1.  The Clerk of Court shall cause a copy of this Order to be mailed to Plaintiff.

   2.  All claims against Defendants U. S. District Chief Judge Gregory M. Sleet and Superior Court Judge Calvin L. Scott are **DISMISSED with prejudice** as they are immune from suit by reason of judicial immunity.

   3.  The amended complaint is dismissed in its entirety.  The claims attacking the constitutionality of ordinances, regulations, and Delaware statutes are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff is given leave to amend these claims.  The amended complaint shall be filed within **thirty (30) days** from the date of this Order, consistent with the court's December 18, 2009 Order.  All claims shall be contained in a single document.  If an amended complaint is not filed within the time allowed, then the case will be closed.

```
                              BY THE COURT:


                              J. Curtis Joyner
                              J. CURTIS JOYNER,        J.
```